WM. GUNTER vs. ELLEN L. GUNTER AND J. B. SUBER.

A decree, in a suit for distribution among creditors of the assets of an insolvent intestate estate, which ascertains the amount of assets then realized, and that they are sufficient to pay the judgments, specialty debts, and 12 3-7ths per cent. of the simple contract debts, and directs that they be so applied, does not bar the specialty creditors of their right to priority of payment out of assets afterwards realized—those realized at the time of the decree having been lost without fault on their part.

BEFORE JOHNSON, CH., AT NEWBERRY, APRIL, 1868.

This case came before the Court on exceptions to a report of the Commissioner, dated September 2, 1867, which is as follows:

"The Commissioner, being required by the order of the Court, 6th July, 1866, to report, particularly, in 'what the funds of the estate (of the intestate, Edwin L. Gunter,) consist,' and the proper application of the same to the payment of debts, respectfully submits the following:

"The report in this case, 14th June, 1860, shows the estate then to consist of the proceeds of real estate in the hands of the Commissioner, amounting to $2,749.13, and personal estate in the hands of the administrator, amounting to $978.37, beside some uncollected accounts, amounting to $68.70. The debts established in that report were: Judgments, $105.80; specialty debts, $2,761.05; and simple contract debts, $7,485.44. The report ascertained that the estate would pay the judgments and specialty debts in

full, and twelve and three-sevenths per cent. of the simple contracts. The report also brought to the attention of the Court an award in the case of *J. H. Suber, Adm'r,* vs. *A. L. Lark,* in Common Pleas, with which the administrator had not charged himself, in which the arbitrators direct that the plaintiff and defendant in that action should contribute equally to the payment of the debts of the intestate, Dr. E. L. Gunter, deceased, to the extent of two thousand dollars each, provided so much be necessary for the full payment of said debts, after first having exhausted the whole of the assets of said estate, both real and personal.

" The Commissioner deposited the proceeds of the realty in the Branch Bank of the State at Columbia, after having paid only $568.48 on the decree—the balance has been invested by the said bank in six per cent. bonds of the Confederate States. The administrator, so far as the Commissioner has been informed, has never paid any of the decrees as established—nor has he paid into Court, as he has since been ordered, the funds ascertained to be in his hands. The only fund now remaining for apportionment among the creditors is the award above mentioned, for which, by order of the Court, 7th December, 1866, the creditors have their decree. Lark has paid the sum assessed against him, which will be apportioned under the report. Suber has not yet paid any part of the award against him.

"The estate, heretofore in the hands of the Commissioner and administrator, having been set apart to pay the specialty debts in full, and twelve and three-sevenths per cent. on the simple contracts, such funds of the estate as may be now, or hereafter, on hand, should be applied to the satisfaction of the remaining eighty-seven and four-sevenths per cent. of the simple contracts.

"Andrew L. Lark has paid $2,966.42, his proportion of the award. Deduct one per cent. commissions to the Commissioner, $29.66, and $300 counsel's fee to Mr. Baxter, solicitor for creditors, and $17 additional taxed costs, and there will remain $2,936.86 for apportionment amongst the simple contract creditors. This sum will pay an additional thirty-five per cent. of the debts by simple contracts as established by the report of the Commissioner, dated 14th June, 1860."

The specialty creditors excepted to the Commissioner's report of 2d September, 1867, on the ground:

First. Because the Commissioner recommends that the money

paid into Court by A. L. Lark, and the amount due by the administrator, be applied to the payment of the simple contract debts, to the exclusion of sealed demands to the amount of between two and three thousand dollars. .

Second. J. H. Suber excepts to said report, because the Commissioner did not report that the demands under seal and preferred against the estate of the said E. L. Gunter, deceased, should be set off against the amount due by him to said estate.

The decree of His Honor the Chancellor is as follows :

JOHNSON, Ch. Upon hearing the report of the Commissioner, the exceptions thereto, and the arguments of counsel, it is ordered and adjudged that the exceptions be overruled, and that the report be confirmed and adopted as the judgment of the Court.

J. H. Suber and the specialty creditors appealed, and now moved this Court to set aside the decree, on the grounds :

First. Because His Honor erred by overruling the exceptions to the Commissioner's report, in deciding that the money paid into Court by A. L. Lark, and the amount due by the administrator, be applied to the payment of the simple contract debts, to the exclusion of sealed demands.

Second. Because His Honor did not decree that the scaled demands, established in favor of J. H. Suber, should be set off against the amount due, by him as administrator, to the estate of his intestate.

*Jones,* for the motion.

*Baxter,* contra.

June 29, 1870. The opinion of the Court was delivered by

WILLARD, A. J. The main question brought up by the appeal, in this case, grows out of a decree directing the distribution of an insolvent intestate estate among creditors. The assets, at the date of the decree, June, 1860, consisted of the proceeds of realty, personalty and choses in action, including an award of arbitrators, under which the defendant, J. H. Suber, and one A. L. Lark, were bound to contribute, equally, to the payment of the debts of the intestate to the extent of $2,000, provided so much was necessary for the full payment of said debts, after first having exhausted the whole assets of the estate, both real and personal.

The decree of distribution merely confirmed the report of the Commissioner, on which it was based, and ordered the dispositions recommended thereby.

The Commissioner's report sets forth an insufficiency of assets to pay debts, also, that there were unsatisfied judgments, specialty and simple contract debts outstanding, and estimated that the assets, exclusive of the award, would pay the judgment and specialty creditors and twelve and three-sevenths per cent. on account of the simple contract debts. The award not having been realized, was not included in the estimate, but was set forth as part of the assets of the estate.

The Commissioner, after paying the sum of $568.48 on the decree, deposited the balance of the proceeds of the realty, as realized, in the Branch Bank of the State, at Columbia. The bank invested the deposit in six, per cent. Confederate bonds, and it was accordingly lost. Lark has paid the sum awarded against him, but Suber has not yet complied with the terms of the award.

Under an order of July 6th, 1866, to ascertain what funds remained to be distributed, and the proper application thereof, a controversy arose between the specialty and simple contract creditors as to the proper application of the balance of the assets. The former contended that, as the proceeds of the realty had been lost and their demands still remained unsatisfied, they were entitled to be paid out of the proceeds of the award, preserving their priority in the order of payment.

The simple contract creditors, on the other hand, contended that the portion of the assets lost was specifically appropriated, by the decree of distribution, to the payment of the judgment and specialty creditors, and to the simple contract creditors to the extent only of 12 3-7ths per cent. of their demands, and that it was placed in the hands of the Commissioner at the risk of such creditors; and, having been lost, they are not entitled to recourse against the balance of the estate, but that the entire proceeds of the award ought to be devoted to the payment of the simple contract creditors to the extent of 87 4-7ths per cent. of their demands not provided for, to the exclusion of the specialty creditors. The Commissioner sustained the view of the case contended for by the simple contract creditors, and, on exceptions, the Chancellor sustained the Commissioner's conclusions, and decreed accordingly. The specialty creditors now appeal.

An attempt was made, in argument, to charge the specialty credi-

tors with responsibility for the loss, through want of diligence in not withdrawing the fund from the hands of the Commissioner; but the case before us presents no foundation of fact for such a conclusion. We must assume the loss to have occurred without fault on the part of any of the creditors, as the case now stands before us. The question then arises, whether the original decree of distribution operated so as to separate the particular fund in bank, and lost from the body of the estate, devoting it to special objects, namely, the payment of specialty creditors and a certain per centum of the simple contract debts, and withdrawing it wholly from the necessity of contribution to other general objects. A decree of this kind, accepted by the parties affected by it, might operate as payment of the demands provided for by it, even while the fund was still in the hands of the Commissioner, and might throw the risk of loss entirely upon such creditors. Such a decree would have to be regarded as exceptional, and, in general, inconvenient; and, accordingly, such intent cannot be made out constructively from the terms of a general decree. We find no warrant for such a conclusion in the present case. The report of the Commissioner, which, by confirmation, became the decree of the Court, should be regarded rather as an estimate for the information of the Court than as an appropriation for the specific benefit of any of the parties interested under it.

The fact that the simple contract creditors were recognized as having an interest in that fund to the estimated extent of 12 3-7ths per cent. of their demands, shows that there was no such appropriation intended as is asserted by the simple contract creditors. At most, all the advantage that the specialty creditors enjoyed, in regard to this particular fund, over the simple contract creditors, was that of priority of payment—precisely what they enjoyed in reference to the entire assets of the estate; and as they gained nothing by the special designation of that fund, they should lose nothing by the disaster which occurred to it without their fault. The decretal order of the Chancellor is erroneous in that it did not admit all the creditors of the intestate to participate in the balance of the assets according to their respective legal priorities.

The second ground of appeal was conceded on the argument by the appellees, and is sustained.

It is ordered, adjudged and decreed, that the decretal order of April 20th, 1868, overruling the exceptions to the report of the Commissioner, and confirming and adopting the same as the judg-

ment of the Court, be in all things reversed and set aside,· and that the appellants' exceptions to the report of the Commissioner, of the 2d of September, 1867, be sustained.

And it is further ordered and decreed, that this case be remanded to the Circuit Court for further orders and proceedings. And it is further adjudged, that the specialty creditors are not chargeable with, nor, as to their legal priorities, affected by, the loss of assets mentioned and set forth in the report of the Commissioner, dated April 2, 1867.

*Moses*, C. J., and *Wright*, A. J., concurred.